In the Interest of N.A.B. and N.J.B.

M.F.L. and D.C.L. (Adoptive Parents) and Juvenile Officer, Respondents,

v.

N.H. (Natural Father), Appellant.

No. WD 64591.

Missouri Court of Appeals, Western District.

June 14, 2005.

Lori L. Stipp, Kansas City, MO, for Appellant.

Marilyn M. Shapiro, Kansas City, MO, for Respondents M.F.L. and D.C.L.

Mary A. Marquez, Kansas City, MO, for Respondent Juvenile Officer.

Kyla J. Grove, Kansas City, MO, Guardian ad litem.

Before ELLIS, P.J., and SPINDEN and HOWARD, JJ.

VICTOR C. HOWARD, Judge.

Appellant, the biological father of two minor children, appeals from a judgment in the Circuit Court of Jackson County terminating Appellant's parental rights and granting Respondents M.F.L. and D.C.L's petition for adoption. For the following reasons, we dismiss the appeal.

## Background

The two children who are the subject of this action are N.J.B., born April 7, 2000, and N.A.B., born September 11, 2001. Both biological parents have a history of drug use, criminal activity, and incarceration. Appellant was incarcerated when N.A.B. was born.

N.J.B. was born with traces of methamphetamine in her body, and a petition was filed with the juvenile court on April 10, 2000, just three days after her birth, leading to her placement into the custody of the Division of Family Services for placement in foster care. On February 13, 2002, the juvenile court ordered the Division of Family Services to pursue a permanent placement for N.J.B. through termination of parental rights and adoption.

N.A.B. came into the juvenile court system on December 21, 2001. On May 6, 2002, the juvenile court entered an order placing N.A.B. in the custody of the Division of Family Services for placement in foster care.

On September 26, 2003, M.F.L. and D.C.L. filed their Petition for Termination of Parental Rights and Adoption, alleging that the children had been in foster care for fifteen of the preceding twenty-two months and that the children's biological parents had failed to provide necessities for the children.

The Family Court Commissioner began hearing all of the matters on April 27, 2004. On June 1, 2004, the Commissioner entered its findings and recommendations that Appellant's parental rights be terminated, and on June 2, 2004, entered findings and recommendations that M.F.L. and D.C.L. be allowed to adopt the children. On June 2, 2004, the juvenile court adopted and confirmed all of the Commissioner's findings and recommendations without modification and entered them as the judgment of the juvenile court.

Pursuant to Rule 129.13, on June 16, 2004, Appellant filed a Motion for Rehearing related to the adoption hearing, and on June 18, 2004, Appellant filed a Motion for Rehearing related to the termination of his parental rights. On June 22, 2004, the juvenile court set the Motions for Rehearing for a hearing to be held on August 18, 2004.

On August 18 and 19, 2004, the juvenile court heard evidence with regard to Appellant's Motions for Rehearing. On August 30, 2004, the juvenile court entered its order denying all of Appellant's motions, including his Motions for Rehearing.

Appellant appeals the termination of parental rights and adoption orders entered, as contained in the findings and recommendations entered on June 1, 2004, and adopted as a judgment on June 2, 2004.

### M.F.L. and D.C.L.'s Motion to Dismiss the Appeal

Before we can reach the merits of Appellant's points on appeal, we must consider M.F.L. and D.C.L.'s motion to dismiss the appeal. M.F.L. and D.C.L. argue that (1) Appellant's Motion for Rehearing was not ruled upon in a timely manner, and (2) Appellant did not file a timely appeal.

Our analysis requires consideration of three Missouri Court Rules regarding: (1) the time limit for a court to rule on a motion for rehearing; (2) the time limit for filing a notice of appeal; and (3) the date a judgment becomes final when after-trial motions have been filed. Below we set out the relevant parts of those rules.

Rule 129.13 provides:

(a) Unless waived by the parties in writing, a party to a case or proceeding heard by a commissioner, within fifteen days after the mailing of notice of the filing of the judgment of the court, may file a motion for rehearing by a judge of the court. . . .

(b) The judge shall rule on the motion for rehearing promptly. If the motion for rehearing is not ruled on *within forty-five days after the motion is filed,* it is overruled for all purposes.

(Emphasis added.)

Rule 81.04(a) provides:

(a) **Filing The Notice of Appeal.** When an appeal is permitted by law from a trial court, a party may appeal from a judgment or order by filing with the clerk of the trial court a notice of appeal. No such appeal shall be effective unless the notice of appeal shall be filed *not later than ten days after the judgment or order appealed from becomes final.*

(Emphasis added.)

Rule 81.05(a) provides:

(a) **Finality as Affected by After–Trial Motions.** For the purpose of ascertaining the time within which an appeal may be taken:

. . . .

(2) If a party timely files an authorized after-trial motion, the judgment becomes final at the earlier of the following:

(A) Ninety days from the date the last timely motion was filed, on which

date all motions not ruled shall be deemed overruled; or

(B) If all motions have been ruled, then *the date of ruling on the last motion to be ruled or thirty days after entry of judgment, whichever is later.*

(Emphasis added.)

In the instant case, Appellant's Motions for Rehearing were timely filed on June 16 and June 18, 2004, but the motions were not heard until August 19, 2004, and were not ruled on until August 30, 2004. Pursuant to Rule 129.13(b), because the Motions for Rehearing were not ruled on within forty-five days after the after-trial motions were filed, they were overruled for all purposes on July 31, 2004. Pursuant to Rule 81.05(a)(2)(B), the judgment also became final on July 31, 2004, because that day was the later of the ruling of the last motion or thirty days after entry of judgment. Pursuant to Rule 81.04(a), Appellant was required to file a notice of appeal with the clerk of the trial court no later than ten days after the judgment became final. Because the notice of appeal was not filed until September 17, 2004, we lack jurisdiction to consider the merits of this appeal.[1]

Appellant urges us to, in effect, disregard Rule 129.13(b) and find that the juvenile court timely ruled on Appellant's Motion for Rehearing on August 30, 2004, because, through no fault of his own, the juvenile court set the motions for hearing outside the forty-five-day window. Even if we disregard Rule 129.13(b), we still lack jurisdiction to consider the merits of the appeal. Under this alternative scenario, the judgment became final on August 30, 2004, because that day was the later of the ruling of the last after-trial motion or thir-

ty days after entry of judgment. Therefore, Appellant was required to file a notice of appeal no later than September 9, 2004, pursuant to Rule 81.04. Appellant failed to file a notice of appeal until September 17, 2004, so the appeal is untimely.

### Conclusion

For the foregoing reasons, the appeal is dismissed for lack of jurisdiction.

ELLIS, P.J., and SPINDEN, J., concur.

---

1. However, we would note that in the process of thoroughly reviewing the file, we did not find reversible error.